USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee, for the Benefit of the Holders of COMM 2016-CCRE28 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2016-CCRE28,

      Plaintiff,

v.

DAVID CHARLES HARRISON and IAN PAGET,

      Defendants.
-------------------------------------------------------------X

Civil Case No. 1:24-cv-07373-DEH-HJR

**CONFIDENTIALITY STIPULATION AND <u>PROTECTIVE ORDER</u>**

  WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") have agreed to the following terms of confidentiality, and

  WHEREAS, the Court finds that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties and any non-parties in connection with this action, both during and after the conclusion of this action:

  1.  Counsel for any Party or non-party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). The method for designation is as follows:

    a. Documents designated by a Party or non-party as Confidential Information will be stamped "CONFIDENTIAL."

    b. A Party or non-party may designate deposition exhibits or portions of deposition transcripts as Confidential Information either by: (i) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (ii) notifying the reporter and all counsel of record, in writing, within 30 calendar days after the witness' (or witness' counsel's) receipt of the final deposition transcript, of the specific pages and lines of the transcript that are to be

designated "CONFIDENTIAL," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following receipt of the transcript by the witness, all Parties will treat the entire deposition transcript as if it had been designated "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the current action.

3. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute. In the absence of a resolution, the challenging Party may seek resolution by the Court pursuant to Rule II.B.1 of Magistrate Judge Ricardo's Individual Rules of Practice in Civil Cases. The document or information marked as "CONFIDENTIAL" shall be treated as marked pending the resolution of any such dispute.

4. Nothing in this Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

5. Documents and testimony designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting Party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Employees, officers, directors and agents of the Parties necessary to assist in the litigation, provided they are instructed to maintain the Confidential Information pursuant to the terms of this Order;

   d. Consultants, vendors, or stenographers retained by counsel in connection with this matter, provided they are instructed to maintain the Confidential Information pursuant to the terms of this Order;

   e. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court)

   f. Trial witnesses and deposition witnesses who are competent to testify concerning the contents of the documents containing Confidential Information, including, but not limited to, any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

   g. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

        h.      Mediators and/or other neutrals appointed to conduct any settlement proceedings or negotiations between the Parties; and

        i.      Other persons as determined by mutual agreement of the Parties or the Court prior to such disclosure.

6.      Prior to disclosing the Confidential Information to any person, counsel must:

        a.      Inform the person of the confidential nature of the information or documents;

        b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

        c.      With respect to persons identified in Paragraph 5.f or as otherwise agreed by the parties, require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of either Party's right to designate such document or information as Confidential Information.  If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order. If Confidential Information is produced without such document or information being designated as "CONFIDENTIAL," upon notice by either Party that such document or information contains Confidential Information, the other Party: (i) must promptly sequester the specified Confidential Information and any copies thereof; (ii) must not use or disclose the Confidential Information until the Parties resolve the assertion that such document or information contains Confidential Information; (iii) must take reasonable steps to retrieve the Confidential Information if it disclosed Confidential Information before being notified; and, (iv) if the other Party disputes the new designation, shall meet and confer with the noticing Party, with any unresolved disputes submitted to the Court, and the disputed Confidential Information submitted to the Court under seal, if necessary.  Notwithstanding the foregoing, if a document or information has been marked as a deposition exhibit or publicly filed with the Court prior to either Party designating the document or information as "CONFIDENTIAL," then the noticing Party shall bear the burden and expense of updating the relevant record, including with respect to filing appropriate papers with the Court to remove or seal the document or information from the public record.

8.      Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and other information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a secure manner.

9.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence

502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

      10.     So long as Judge Ho is the assigned Judge for the action, documents may be filed under seal only as provided in Rule 6 of Judge Ho's Individual Rules and Procedures for Civil Cases. The Parties shall follow those and other applicable Court procedures and Federal Rules of Civil Procedure (including Rule 5.2) in connection with filing confidential material or information under seal. The Parties shall provide at least five business days' notice to the designating Party or non-party if they seek to file Confidential Information publicly without redaction, so that the designating Party or non-party may, if necessary or appropriate, raise objections to the intended disclosure and/or file papers with the Court consistent with Rule 4.k of Judge Ho's Individual Rules and Procedures for Civil Cases or, as appropriate, Rule II.B.1 of Magistrate Judge Ricardo's Individual Rules of Practice in Civil Cases.

      11.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly returned to the producing Party or certified as destroyed, except that the Party and/or Parties' counsel shall be permitted to retain their working files on the condition that those files will remain subject to the requirements of this Order.

      12.     Nothing in this Order shall be construed to alter or modify any Parties' rights or obligations under any of the Loan Documents giving rise to this lawsuit, including but not limited to Section 9.1(j) and Section 9.2(a) of the December 9, 2015 Loan Agreement annexed as Exhibit C to the Complaint. Further, nothing in this Order shall be construed to prohibit a Party from producing Confidential Information in their possession pursuant to a subpoena, order or other official request issued by any court, provided that the producing Party shall (i) give the designating Party/non-party notice of such subpoena, order or request promptly in writing; (ii) furnish the designating Party/non-party with a copy of such subpoena, order or request; and (iii) give the designating Party/non-party sufficient advance notice of any intended disclosure so that the designating Party/non-party may, if necessary or appropriate, raise objections to the intended disclosure. The designating Party/non-party shall promptly inform the notifying Party if the designating Party/non-party intends to move to quash or otherwise formally oppose the subpoena. The Parties shall not produce any of Confidential Information for a period of at least five business days after providing the required notice to the designating Party/ non-party, unless the subpoena, order or request requires production on an earlier date. Should the designating Party/ non-party move to quash or otherwise formally oppose the subpoena, the notifying Party will not produce the implicated Confidential Information until the designating Party's/non-party's attempt to quash or otherwise formally oppose the subpoena is resolved, unless ordered to do so by the Court having jurisdiction over such subpoena.

      13.     The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed or designated as confidential.

SO STIPULATED AND AGREED.

Dated: February 14, 2025
New York, New York

DUANE MORRIS LLP

By: /s/ David T. McTaggart
David T. McTaggart
1540 Broadway
New York, New York 10036-4086
Phone: (212) 692-1000
Email: dtmctaggart@duanemorris.com

-and-

Elinor Murarova
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
Tel: (312) 499-6700
Email: ehart@duanemorris.com

*Attorneys for Plaintiff Wilmington Trust, National Association as Trustee, for the Benefit of the Holders of COMM 2016-CCRE28 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2016-CCRE28*

HERRICK, FEINSTEIN LLP.

By: /s/ Devin Ness
John Chun
Devin Ness
2 Park Avenue
New York, New York 10016
Phone: (212) 592-1400
Email: jchun@herrick.com,
dness@herrick.com

*Attorneys for Defendants David Charles Harrison & Ian Paget*

SO ORDERED.

Dated: February 18, 2025
New York, New York

_____
HENRY J. RICARDO
United States Magistrate Judge

## EXHIBIT A

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Wilmington Trust, National Association v. Harrison, et ano.*, 24-cv-07373-DEH-HJR (S.D.N.Y.) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the above-referenced litigation.

Dated:_____, 20___

_____   _____
 Name (printed)                                              Signature

Signed in the presence of:

_____
(Attorney)